1    Matthew R. Bainer, Esq. (SBN 220972)
     **THE BAINER LAW FIRM**
2    1901 Harrison St., Suite 1100
     Oakland, California 94612
3    Telephone:    (510) 922-1802
     Facsimile:    (510) 844-7701
4    mbainer@bainerlawfirm.com

5    Attorneys for Plaintiff Daniel Inda

6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| 12  DANIEL INDA individually and on behalf of others similarly situated, | Case No.: |
| 13 | **CLASS ACTION COMPLAINT** |
| 14           Plaintiff, | (1)   Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| 15      vs. | (2)   Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); |
| 16  ECHOSPHERE, LLC, and DOES 1 through 10, inclusive, | (3)   Violation of California Labor Code §§ 226.7 & 512(a) (Unpaid Meal Period Premiums); |
| 17           Defendants. | (4)   Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |
| 18 | (5)   Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); |
| 19 | (6)   Violation of California Labor Code §226(a) (Non-Compliant Wage Statements); and |
| 20 | (7)   Violation of California Business & Professions Code §§ 17200, *et seq*. |
| 21 | |
| 22 | |
| 23 | **Jury Trial Demanded** |

24

25

26

27

28

Plaintiff, individually and on behalf of all other members of the public similarly situated, allege as follows:

**JURISDICTION AND VENUE**

1.    This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.  On information and belief, Plaintiff alleges that the amount in controversy exceeds $5,000,000. For these reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

2.    Venue properly lies in the United States District Court for the Northern District of California.  Defendants employ class members in this county and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.  For this reason, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a) and 1391(b)(2).

3.    Venue is also proper in this Court because Defendants are not California residents and have not filed a statement designating a principal office in California, and venue is therefore proper in any county in the State including this county.  *Easton v. Sup.Ct.*, 12 Cal. App. 3d 243, 246-47.

**THE PARTIES**

4.    Plaintiff DANIEL INDA is a resident of Riverside County, California.

5.    Defendant ECHOSPHERE, LLC, was and is, upon information and belief, a Colorado corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and/or the State of California.

6.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

7.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of ECHOSPHERE, LLC at all relevant times.

CLASS ACTION COMPLAINT

8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, ECHOSPHERE, LLC and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

9.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of ECHOSPHERE, LLC at all relevant times.

10.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, ECHOSPHERE, LLC and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

11.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

12.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under Rule 23 of the Federal Rules of Civil Procedure.

14.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

15.     Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

16.     This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

17.     Plaintiff's proposed class consists of and is defined as follows:

> All persons who are or were employed by Defendants as non-exempt, hourly Field Service Technician or positions with similar duties, by any Defendants within the State of California within four years prior to the filing of this complaint until the date of certification ("Class").

18.     Plaintiff reserves the right to redefine the class and to add subclasses as appropriate based on discovery and specific theories of liability.

19.     Members of the Class will be referred to hereinafter as "class members."

20.     There are common questions of law and fact as to class members that predominate over questions affecting only individual members including, but not limited to:

(a)     Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

(b)     Whether Defendants failed to pay minimum wages to Plaintiffs and class members for all hours worked;

(c)     Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

(d)     Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(e)     Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

(f)     Whether Defendants complied with wage reporting as required by
California Labor Code section 226(a);

(g)     Whether Defendants failed to timely pay unpaid overtime wages,
minimum wages and/or meal and rest period premiums to Plaintiff and
class members during their employment;

(h)     Whether Defendants failed to pay unpaid wages, minimum wages,
overtime wages and meal and rest period premiums due to Plaintiff and
class members upon their discharge;

(i)     Whether Defendants engaged in unfair business practices in violation of
California Business & Professions Code sections 17200, *et seq.*; and

(j)     The appropriate amount of damages, restitution, or monetary penalties
resulting from Defendants' violations of California law.

21.     There is a well-defined community of interest in the litigation and the class
members are readily ascertainable:

(a)     Numerosity:  The class members are so numerous that joinder of all
members would be unfeasible and impractical.  The membership of the
entire class is unknown to Plaintiff at this time; however, the class is
estimated to be greater than one hundred (100) individuals and the
identity of such membership is readily ascertainable by inspection of
Defendants' employment records.

(b)     Typicality:  Plaintiff is qualified to, and will, fairly and adequately
protect the interests of each class member with whom they have a well-
defined community of interest, and Plaintiff's claims (or defenses, if
any) are typical of all class members as demonstrated herein.

(c)     Adequacy:  Plaintiff is qualified to, and will, fairly and adequately
protect the interests of each class member with whom they have a well-
defined community of interest and typicality of claims, as demonstrated
herein.  Plaintiff acknowledges that he has an obligation to make known

to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.   A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)  Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**GENERAL ALLEGATIONS**

22.    Defendants are the sales and distribution division of the business entity EchoStar and distribute satellite television receiver systems to a nation-wide network of retailers.  According to Defendants' website, they currently have almost 14 million retail customers and 22,000 employees across its national network. A significant percentage of these employees are in California and this action concerns the California employees only.

23.    At all relevant times set forth, Defendants employed Plaintiff and other persons as non-exempt or hourly employees throughout California.  Defendants compensated Plaintiff and class members in the form of hourly wages and non-discretionary bonuses as applicable. Plaintiff is informed and believes, and thereon alleges, that such bonus earnings did not constitute more than one half of Plaintiff's and class members' compensation.

24.    Defendants employed Plaintiff DANIEL INDA as a non-exempt, hourly-paid Field Service Technician from November 2008 to December 2015 in the city of Corona, California.

25.    Defendants continue to employ non-exempt or hourly paid Cable Technicians in various locations throughout California.

26.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

27.    Plaintiff is informed and believes, and thereon alleges, that employees were not paid for all hours worked because all hours worked were not recorded.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period, and that they did not

receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages upon termination.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, overtime wages, minimum wages and meal and rest period premium wages at the proper regular rate of pay, within permissible time periods.

34.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and other members of the class, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against All Defendants)**

35.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

allegations set out in paragraphs 1 through 34.

36.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

37.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

38.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

39.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

40.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

41.    During the relevant time period, Plaintiff and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

(40) hours in a week.  For example, Defendants had a policy and/or practice of overscheduling customer appointments and not taking sufficient efforts to coordinate employee schedules to permit meal breaks.  As a result, Plaintiff and class members would have to work during meal periods, while off-the-clock, because there was not enough time to take an off-duty break and complete their scheduled customer appointments.

42.    Throughout the relevant time period, Plaintiff and class members were not compensated for the time they worked off-the-clock.  Because Plaintiff and class members generally worked shifts of eight (8) hours a day or more, and worked forty hours a week, most of this off-the-clock time qualified for overtime premium.

43.    Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against All Defendants)**

44.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 43.

45.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

46.    As set forth above, due to Defendants' company-wide labor and scheduling practices, Plaintiff and class members were forced to forego meal breaks and/or have their meal breaks interrupted by work.  Defendants did not pay at least minimum wages for off-the-clock hours that qualified for overtime premium payment.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, and 1197.1.

47.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees.

48.     Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Against All Defendants)**

49.     Plaintiff incorporates by reference and re-alleges as if fully set forth herein the allegations contained in paragraphs 1 through 48.

50.     At all relevant times herein set forth, the applicable IWC Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

51.     At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

52.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  California Labor Code section 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is not more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first

1   meal period was not waived.

2      53.    During the relevant time period, Defendants did not provide meal periods of not

3   less than thirty (30) minutes to Plaintiff and other class members who were scheduled to work

4   between five (5) and six (6) hours per day, and did not waive their right to such meal periods.

5   Defendants also did not provide meal periods of not less than thirty (30) minutes to Plaintiff

6   and other class members who were scheduled to work six (6) or more hours per day.

7      54.    As set forth above, Defendant insufficiently scheduled time for off-duty breaks

8   and did not properly coordinate the schedules of Plaintiff and class members thereby requiring

9   Plaintiff and class members to work during meal periods, to work over five (5) hours before

10   taking meal periods, and/or interrupting Plaintiff and class members' meal periods for work

11   related duties.  Defendants then failed to pay Plaintiff and class members the full meal period

12   premium at the regular rate of pay due pursuant to California Labor Code section 226.7.

13      55.    Plaintiff and class members did not sign valid meal break waivers on days that

14   they were entitled to meal periods but were not relieved of all duties.

15      56.    Defendants' conduct violates applicable IWC Wage Order(s), and California

16   Labor Code sections 226.7 and 512(a).

17      57.    Pursuant to the applicable IWC Wage Order(s) and California Labor Code

18   section 226.7(b), Plaintiff and other class members are entitled to recover from Defendants

19   one (1) additional hour of pay at the employee's regular rate of pay for each work day that the

20   meal period was not provided.

21                    **FOURTH CAUSE OF ACTION**

22       **Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

23                       **(Against All Defendants)**

24      58.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

25   allegations set out in paragraphs 1 through 57.

26      59.    This cause of action is pleaded only on behalf of Plaintiff and class members.

27      60.    At all relevant times herein set forth, the applicable IWC Wage Order and

28   California Labor Code section 226.7 were applicable to Plaintiff's and class members'

1  employment by Defendants.

2      61.    At all relevant times, California Labor Code section 226.7 provides that no

3  employer shall require an employee to work during any rest period mandated by an applicable

4  order of the California IWC.

5      62.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

6  employer shall authorize and permit all employees to take rest periods, which insofar as

7  practicable shall be in the middle of each work period" and that the "rest period time shall be

8  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

9  hours or major fraction thereof" unless the total daily work time is less than three and one-half

10 (3½) hours.

11     63.    During the relevant time period, Defendants required Plaintiff and class

12 members to work four (4) or more hours without authorizing or permitting a ten (10) minute

13 rest period per each four (4) hour period worked.  As with meal breaks, Defendants' labor

14 policies prevented Plaintiff and class members from being relieved of all duty in order to take

15 compliant rest periods. In addition, Defendants maintained an unlawful written rest break

16 policy which failed to provide Plaintiff and class members with a rest break for every four (4)

17 hours of work or major fraction thereof.

18     64.    As a result of Defendants' failure to properly schedule class members' work

19 assignments and failure to coordinate the schedules of Plaintiff and class members caused

20 them to miss rest breaks, suffer interruptions during rest breaks, and/or take rest breaks after

21 extended periods of time.  Defendants then failed to pay Plaintiff and class members the full

22 rest period premium at the regular rate of pay due pursuant to California Labor Code section

23 226.7.

24     65.    Defendants' conduct violates the applicable IWC Wage Orders and California

25 Labor Code section 226.7.

26     66.    Pursuant to the applicable IWC Wage Order and California Labor Code section

27 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

28 additional hour of pay at the employee's regular hourly rate of compensation for each work

day that the rest period was not provided.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination

### (Against All Defendants)

67.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 66.

68.     This cause of action is derivative of and wholly dependent upon the unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premiums that were left unpaid upon termination.

69.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

70.     During the relevant time period, Defendants wilfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, and unpaid vacation wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

71.     Defendants' failure to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

72.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

73.     Plaintiff and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

### (Against All Defendants)

74.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the allegations set out in paragraphs 1 through 73.

75.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including the name and address of the legal entity that is the employer, and all applicable hourly rates, among other things.

76.     California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"   Labor Code section 1174.5 provides that employers are subject to a $500 civil penalty if they fail to maintain accurate and complete records as required by section 1174(d).  During the relevant time period, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and class members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

77.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected

1    rights.

2        78.    Specifically, Plaintiff and class members have been injured by Defendants'

3    intentional violation of California Labor Code section 226(a) because they were denied both

4    their legal right to receive, and their protected interest in receiving, complete, accurate, and

5    itemized wage statements as required by California Labor Code section 226, which would

6    have permitted them to verify, solely from information on the wage statements themselves,

7    that they were paid correctly and in full.  In addition, because Defendants failed to provide the

8    accurate number of total hours worked on wage statements, Plaintiff have been prevented by

9    Defendants from determining if all hours worked were paid and the extent of the

10   underpayment.  Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time

11   records, and perform computations in order to analyze whether in fact Plaintiff was paid

12   correctly and the extent of the underpayment, all at great expense to Plaintiff in terms of both

13   time and money.  Plaintiff would not have had to expend such effort and cost in filing this

14   complaint had Defendants provided the accurate number of total hours worked.  This has also

15   delayed Plaintiff's ability to demand and recover the underpayment of wages from

16   Defendants.

17       79.    Plaintiff and class members are entitled to recover from Defendants the greater

18   of their actual damages caused by Defendants' failure to comply with California Labor Code

19   section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

20   employee.

21                        **SEVENTH CAUSE OF ACTION**

22        **Violation of California Business & Professions Code §§ 17200, *et seq.***

23                           **(Against All Defendants)**

24       80.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

25   material allegations set out in paragraphs 1 through 79.

26       81.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

27   unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to

28   enforce important rights affecting the public interest within the meaning of Code of Civil

1    Procedure section 1021.5.

2        82.    Defendants' activities, as alleged herein, are violations of California law, and

3    constitute unlawful business acts and practices in violation of California Business &

4    Professions Code sections 17200, *et seq.*

5        83.    A violation of California Business & Professions Code sections 17200, *et seq.*

6    may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

7    policies and practices have violated state law in at least the following respects:

8            (a)    Requiring non-exempt employees, including Plaintiff and class

9                members, to work overtime without paying them proper compensation

10                in violation of California Labor Code sections 510 and 1198 and the

11                applicable Industrial Welfare Commission Order;

12            (b)    Failing to pay at least minimum wage to Plaintiff and class members in

13                violation of California Labor Code sections 1194, 1197 and 1197.1 and

14                the applicable Industrial Welfare Commission Order;

15            (c)    Failing to provide uninterrupted meal and rest periods or to pay

16                premium wages for missed meal and rest periods to Plaintiff and class

17                members in violation of California Labor Code sections 226.7 and 512

18                and the applicable Industrial Welfare Commission Order;

19            (d)    Failing to timely pay all earned wages to Plaintiff and class members in

20                violation of California Labor Code section 204 and the applicable

21                Industrial Welfare Commission Order; and

22        84.    California Labor Code section 1198 makes it illegal to employ an employee

23    under conditions of labor that are prohibited by the applicable wage order.  California Labor

24    Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

25    shall be the . . . standard conditions of labor for employees.  The employment of any employee

26    . . . under conditions of labor prohibited by the order is unlawful."

27        85.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

28    Plaintiff and class members are entitled to restitution of the wages withheld and retained by

1   Defendants during a period that commences four years prior to the filing of this complaint; a

2   permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

3   class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

4   section 1021.5 and other applicable laws; and an award of costs.

5   **REQUEST FOR JURY TRIAL**

6   Plaintiff requests a trial by jury.

7   **PRAYER FOR RELIEF**

8   Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against

9   Defendants, jointly and severally, as follows:

10   1.   For damages, restitution penalties, injunctive relief, and attorneys' fees.

11   Plaintiff reserve the right to amend his prayer for relief to seek a different amount.

12   **Class Certification**

13   2.   That this case be certified as a class action;

14   3.   That Plaintiff be appointed as the representative of the Class; and

15   4.   That counsel for Plaintiff be appointed as class counsel.

16   **As to the First Cause of Action**

17   5.   That the Court declare, adjudge, and decree that Defendants violated California

18   Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

19   pay all overtime wages due to Plaintiff and class members;

20   6.   For general unpaid wages at overtime wage rates and such general and special

21   damages as may be appropriate;

22   7.   For pre-judgment interest on any unpaid overtime compensation commencing

23   from the date such amounts were due;

24   8.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

25   California Labor Code section 1194(a); and

26   9.   For such other and further relief as the Court may deem equitable and

27   appropriate.

28

CLASS ACTION COMPLAINT

**As to the Second Cause of Action**

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiff and class members;

11.     For general unpaid wages and such general and special damages as may be appropriate;

12.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

17.     That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18.     For all actual, consequential, and incidental losses and damages, according to proof;

19.     For premiums pursuant to California Labor Code section 226.7(b);

20.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

21.     For such other and further relief as the Court may deem equitable and appropriate.

1

**As to the Fourth Cause of Action**

2      22.      That the Court declare, adjudge and decree that Defendants violated California

3   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

4   rest periods to Plaintiff and class members;

5      23.      That the Court make an award to the Plaintiff and class members of one (l) hour

6   of pay at each employee's regular rate of pay for each workday that a rest period was not

7   provided;

8      24.      For all actual, consequential, and incidental losses and damages, according to

9   proof;

10      25.      For premiums pursuant to California Labor Code section 226.7(b);

11      26.      For pre-judgment interest on any unpaid rest period premiums from the date

12   such amounts were due; and

13      27.      For such other and further relief as the Court may deem equitable and

14   appropriate.

15

**As to the Fifth Cause of Action**

16      28.      That the Court declare, adjudge and decree that Defendants violated California

17   Labor Code sections 201, 202, and 203 by willfully failing to pay overtime wages, minimum

18   wages, and meal and rest period premiums owed at the time of termination of the employment

19   of Plaintiff and other class members who no longer work for Defendants;

20      29.      For all actual, consequential and incidental losses and damages, according to

21   proof;

22      30.      For waiting time penalties according to proof pursuant to California Labor

23   Code section 203 for all employees who have left Defendants' employ;

24      31.      For pre-judgment interest on any unpaid wages from the date such amounts

25   were due; and

26      32.      For such other and further relief as the Court may deem equitable and

27   appropriate.

28

CLASS ACTION COMPLAINT

**As to the Sixth Cause of Action**

33.    That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

34.    For all actual, consequential and incidental losses and damages, according to proof;

35.    For injunctive relief pursuant to California Labor Code section 226(h);

36.    For statutory penalties pursuant to California Labor Code section 226(e); and

37.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

38.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to timely pay all earned wages during employment and upon termination, failing to provide all meal and rest periods, and failing to pay for all missed meal and rest periods.

39.    For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

40.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

41.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

42.    For such other and further relief as the Court may deem equitable and appropriate.

1    Dated:  February 21, 2017                    Respectfully submitted,

2                                                 The Bainer Law Firm

3

4                                        By: _____

5                                                 Matthew R. Bainer, Esq.
                                                  Counsel for Plaintiff Daniel Inda
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT